# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Shelleigh L. Blake, | ) | **CIVIL DOCKET #** |
| Richard W. Blake | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND** |
| NSTAR Electric Corporation, | ) | **DEMAND FOR JURY** |
| James A. Kiley Corporation, | ) | **TRIAL** |
| Hubbell Power Systems Inc., | ) | |
| A. B. Chance Inc., | ) | |
| Terex Corporation, | ) | |
| Terex Utilities, Inc. and | ) | |
| Terex-Telelect, Inc. | ) | |
| *Defendants.* | ) | |

## Preliminary Statement

1.      This is a civil action for damages sustained by the Plaintiffs, Richard W.

Blake and Shelleigh L. Blake, challenging the actions of NSTAR Electric

Corporation, James A. Kiley Corporation, Hubbell Power Systems Inc., A. B.

Chance Inc., Terex Corporation, Terex Utilities, Inc. and Terex-Telelect, Inc.

Plaintiffs seek compensatory, punitive, general, and special damages. In

addition, Plaintiffs seek award of costs, attorney fees, and such other and

further relief as this court deems equitable and just.

## Jurisdiction

2.    Jurisdiction is conferred upon this court by Title 28 U.S.C. sec. 1332 this being an action seeking redress for damages suffered by the Plaintiffs. The amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## Venue

3.   Pursuant to 28 U.S.C sec. 1391 (a), (b) and (c) venue is proper in the District of Massachusetts, the judicial district in which the claims arose and in which, upon information and belief, all defendants resided or conducted business.

## Parties

4.  Plaintiffs, Richard W. Blake and Shelleigh L. Blake, were at all times material hereto residents of Auburn, Rockingham County, New Hampshire.

5.  Defendant Terex Corporation at all times herein mentioned, is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 200 Nyala Farm Road, Westport, Connecticut 06880.

6.   Defendant  Terex Utilities Inc. at all times herein mentioned, is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at located at 600 Oakwood Rd. Watertown, South Dakota 57201. Terex Utilities Inc.

7.   Defendant Terex Utilities Inc. at all times herein mentioned, was and is a

subsidiary of Defendant, Terex Corporation.

8.   Defendant Terex-Telelect, Inc. at all times herein mentioned, is a foreign
corporation organized under the laws of the State of Delaware.

9. Defendant Terex-Telelect, Inc. upon information and belief was and is a
subsidiary of Terex Utilities, Inc.

10.   On information and belief, Plaintiffs contend that Defendants Terex
Corporation, Terex-Telelect, Inc. and Terex Utilities, Inc. have interrelated or
jointly owned corporate operations associated with the manufacture, marketing
and/or servicing of the aerial lift device that is one part of the subject matter of
this litigation.

11.   At all times material hereto, Defendants Terex Corporation, Terex-Telelect,
Inc. and Terex Utilities, Inc. were engaged in the design, manufacture,
assembly, testing, inspection, distribution, and sale of Terex Corporation,
Terex-Telelect, Inc. and Terex Utilities, Inc. equipment used in the electric
utility industry.  This equipment included an articulating aerial device.
Although this piece of equipment was manufactured outside of the State of
Massachusetts, Terex Corporation, Terex-Telelect, Inc. and Terex Utilities, Inc.
were engaged in the solicitation of business within the State of Massachusetts
in order to promote the sale, consumption and use of their equipment; and the
above described equipment was, in fact, used in Middlesex County,
Massachusetts, in the ordinary course of commerce, trade, or use, and the use
thereof resulted in the injury to Plaintiff Richard L. Blake in Middlesex County,
Massachusetts, as herein alleged. As a direct result of Plaintiff Richard W.

Blake's injuries, Plaintiff Shelleigh L. Blake suffered injury and damages.

12.   Defendant James A. Kiley Company is a corporation organized under the laws

of the State of Massachusetts, with its principal place of business located at 15

Linwood Street, Somerville, Massachusetts 02143. James A. Kiley Company,

conducts business in Massachusetts, derives substantial revenue from its

marketing and distribution efforts in Massachusetts and committed in state

torts with state consequences. James A. Kiley Company is subject to personal

jurisdiction in Massachusetts.  At all times material hereto, James A. Kiley

Company  were engaged in the design, assembly, testing, inspection,

distribution, and sale of Terex Corporation, Terex-Telelect, Inc. and Terex

Utilities South, Inc. equipment used in the electric utility industry.  This

equipment included an articulating aerial device. Although this piece of

equipment was manufactured outside of the State of Massachusetts, it was

modified for use based on client's specifications by James A. Kiley Company.

James A. Kiley Company were engaged in the solicitation of business within the

State of Massachusetts in order to promote the sale, consumption and use of

their equipment; and the above described equipment was, in fact, used in

Middlesex County, Massachusetts, in the ordinary course of commerce, trade,

or use, and the use thereof resulted in the injury to Plaintiff Richard L. Blake in

Middlesex County, Massachusetts, as herein alleged. As a direct result of

Plaintiff Richard W. Blake's injuries, Plaintiff Shelleigh L. Blake suffered

subsequent injury and damages.

13.   Defendant NSTAR Electric Company is a corporation organized under the

laws of the State of Massachusetts, with its principal place of business located at 800 Boylston Street, Boston, Massachusetts 02199. NSTAR Electric Company, conducts business in Massachusetts, derives substantial revenue from its marketing and distribution efforts in Massachusetts and committed in state torts with state consequences. In this action before the court and in other situations, NSTAR Electric Company contracts with in state and out of state entities to repair, replace, maintain, install, and remove equipment owned and under the control and supervision of NSTAR Electric Company. NSTAR Electric Company is subject to personal jurisdiction in Massachusetts.

14.   Defendant A.B. Chance Company at all times herein mentioned, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 210 North Allen Street, Centralia, Missouri 65240. A. B. Chance Company conducts business in Massachusetts, derives substantial revenue from its marketing and distribution efforts in Massachusetts and committed out of state torts with state consequences. A. B. Chance Company is subject to personal jurisdiction in Massachusetts.

15. Defendant Hubbell Power Systems, Inc. at all times herein mentioned, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 210 North Allen Street, Centralia, Missouri 65240. Hubbell Power Systems, Inc. conducts business in Massachusetts, derives substantial revenue from its marketing and distribution efforts in Massachusetts and committed out of state torts with state consequences. Hubbell Power Systems, Inc. is subject to personal

jurisdiction in Massachusetts.

16. Defendant A.B. Chance Company is a wholly owned subsidiary of Hubbell Power Systems, Inc.

17. At all times relevant hereto, Defendants A.B. Chance Company and Hubbell Power Systems, Inc. regularly did business in the State of Massachusetts, including Middlesex County, and derived substantial revenue there from.

18. Defendants A.B. Chance Company and Hubbell Power Systems, Inc. are engaged in the development, design, assembly, testing, inspection, manufacture, distribution, and sale of electric utility products, including stinger and cutouts intended to protect against faults and over-current conditions on electrical utility power distribution systems.

19. Defendant A.B. Chance Company designed, manufactured, sold, and placed into the stream of commerce; a cutout and stinger system without insulating connecting wires. This cutout was purchased by NSTAR Electric Company from A.B. Chance Company and Hubbell Power Systems, Inc.

20. At all times relevant hereto, A.B. Chance Company and Hubbell Power Systems, Inc. were engaged in the solicitation and transaction of business within Massachusetts with respect to the sale and use of their products, including cutouts or stingers, in the ordinary course of commerce and trade, and the use thereof resulted in the initial physical injury to Plaintiff Richard W. Blake and subsequent injury to Plaintiff Shelleigh L. Blake.

## Jury Trial Demand

21. Plaintiffs hereby demand a trial by jury on all issues so triable.

## Statement of the Facts

22.   At all times relevant hereto, Plaintiff Richard W. Blake was employed as a line department crew leader for J.C.R. Construction Co., Inc.

23.   At all times relevant hereto, NSTAR Electric Company contracted with J.C.R. Construction Co., Inc. to repair, maintain, and replace electrical power and transmission equipment that was designed, manufactured, and put into the stream of commerce by  A.B. Chance Company and Hubbell Power Systems, Inc.

24.   At all times relevant hereto, Plaintiff Richard W. Blake was elevated in a articulating aerial device which was modified and distributed by James A. Kiley but manufactured, designed, assembled, tested, inspected, distributed, and sold by Terex Corporation, Terex-Telelect, Inc. and Terex Utilities, Inc.

25.   On June 6, 2006, Plaintiff Richard W. Blake was working as a crew leader for J.C.R. Construction Co., Inc. replacing A B Chance cutouts on electrical transmission lines.

26. Prior to beginning work on June 6, 2006, Plaintiff Richard W. Blake requested a police officer be assigned as a safety detail so that the crew's aerial bucket trucks could be parked on busy Route 9 in Natick, Massachusetts which would allow the crews easier and safer access to transmission lines and cutouts.

27. Plaintiff never received a safety detail which caused him and his crew to position their aerial bucket trucks on the shoulder of Route 9 and maneuver under phase three, 13,800 volt electrical transmission lines and through phone and cable lines.

28. Prior to beginning work on June 6, 2006, Plaintiff Richard W. Blake requested that the electrical transmission line be set to one shot and asked for a reclosing so that the replacement of the cutouts could be performed in a safer fashion by him and his crew.

29. NSTAR Electric Company denied the Plaintiffs request for safer work conditions so the transmission line was left on normal and the reclosure denied.

30. Prior to beginning work on June 6, 2006, Plaintiff Richard W. Blake received training and instruction as a lineman while serving in the United States Military as well as receiving training as a civilian employee from private employers.

31. Prior to beginning work on June 6, 2006, Plaintiff Richard W. Blake had completed hundreds of cutout changes in the same way.

32. At all times relevant hereto, NSTAR Electric Company used A B Chance and Hubbell Power porcelain cutouts which have a documented history of failures, been the direct and proximate cause of catastrophic injuries, and safer alternative polymer cutouts were in the stream of commerce.

33. At all times relevant hereto, NSTAR Electric Company used A B Chance and Hubbell Power porcelain cutouts whose entire porcelain cutout product line is defective for its intended purpose in Massachusetts's changing climatic conditions.

34. On June 6, 2006 while working on the middle A B Chance cutout on a pole at 985 Worcester Street in Natick, Massachusetts and while wearing his safety

equipment the employer heard the "door" of a just replaced A. B Chance cutout "pop" open and saw a flash.

35. The arc flash from 13,800 volts of electricity "jumped" to an exposed piece of metal in the aerial bucket and struck the Plaintiff Richard W. Blake in the face and side.

36. The Plaintiff Richard W. Blake attempted to duck into his aerial bucket when he heard a second "pop". He again was struck in the side, leg, and groin by the second arc flash from 13, 800 volts of electricity.

37.  The Plaintiff Richard W. Blake was able to maneuver his aerial bucket under the 3 phase 13,800 volt electrical transmission lines to safely return himself to the ground whereby he was assisted by coworkers and eventually medical personnel.

38.  The Plaintiff Richard W. Blake was transported by an advanced life support unit ambulance to the trauma unit of the Brigham and Women's Hospital in Boston whereby he was diagnosed with second degree burns to his face, neck, abdomen, thigh, penis, and scrotum as well as corneal burns to his eyes.

39. Upon the arrival of the Plaintiff Richard W. Blake at the Brigham and Women's Emergency Room and as a result of the severity of his injuries; he was placed into a medically induced coma, intubated, and he remained that way for several days.

40.  The Plaintiff Richard W. Blake was subsequently transferred from the Intensive Care Unit to the Brigham and Women's Burn Unit whereby he underwent significant treatment which included but was not limited to,

application of Biobrane dressings, dermabrasion, and other daily dressing changes.

41. Plaintiff Richard W. Blake returned to the Brigham and Women's Hospital on June 28, 2006 for an infection which had developed in his right leg whereby Plaintiff was diagnosed with Methicillin resistant Staphylococcus aureus (MRSA) whereby he was subsequently admitted and operated on to remove the infectious tissue and then discharged on July 1, 2006 with home care instructions for daily dressing changes.

42. The Plaintiff Richard W. Blake incurred $81,705.96 in medical bills as a result of this incident which does not include his lost wages or the lost wages of Plaintiff Shelleigh L. Blake.

43. Plaintiff Richard W. Blake additionally suffered permanent physical scarring, physical pain, emotional suffering, disfigurement, and losses of consortium, society, and companionship.

44. Plaintiff Shelleigh L. Blake while performing the daily task of cleaning and dressing the wounds of Richard W. Blake contracted Methicillin resistant Staphylococcus aureus (MRSA).

45. Plaintiff Shelleigh L. Blake additionally suffered emotional, physical, and mental unrest as well as losses of consortium, companionship, and society.

46. On June 6, 2006 shortly after the incident the Occupational Safety and Health Administration arrived on scene and conducted an investigation.

47.  On June 6, 2006 NSTAR Electric Company sent supervisors and a safety inspector to the scene and conducted its investigation.

48. In August of 2006, JCR Co., Inc. conducted a recreation of the incident in their training yard and made their own conclusions as to the cause of the incident.

49. Maine Employers Mutual Insurance Co., the insurer for JCR Construction Co., Inc. had a consultant conduct an investigation.

50. The consultant determined in part that there was a design flaw with the manufacturing and assembly of the bucket which left a large exposed piece of metal on the aerial bucket which allowed the flash and electricity to jump to the bucket severely injuring the Plaintiff Richard W. Blake.

51. After conducting its investigation, the United States Department of Labor Division of Occupational Safety and Health Administration found JCR Construction Co., Inc. responsible for six (6) United States Code of Federal Regulations safety violations and after negotiation informally settled on a monetary penalty for two (2) of those safety violations.

## Count One
## Negligent Design

## Against Terex Corporation, Terex Utilities, Inc, Terex-Telelect, Inc. and James A. Kiley, Co.

52. Plaintiffs Richard W. Blake and Shelleigh L. Blake incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

53. At all times relevant hereto, Defendants, Terex Corporation, Terex Utilities,

Inc., Terex-Telect, Inc. and James A. Kiley, Co. were and are engaged in the business of designing, manufacturing, exporting, importing, marketing, distributing and/or selling articulating aerial devices.

54. The Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. owed a duty to use reasonable care in designing articulating aerial devices that were reasonably safe for their intended purpose.

55. The Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. owed a duty to use reasonable care in designing articulating aerial devices and should have anticipated the environment that the articulating aerial device would be used.

56. The Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. owed a duty to use reasonable care in designing against the reasonable unforeseeable risks attending the articulating aerial device's uses.

57. The Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. breached their duty by negligently designing and then manufacturing, exporting, importing, marketing, distributing and/or selling an articulating aerial device to J.C.R. Construction Company, Inc. which had a large exposed piece of conductive non-insulated, non-rubber coated metal affixed to the external side of the aerial bucket.

58. As a direct and proximate result of the acts of omission or commission as set forth above, the Plaintiffs have suffered injuries and damages as set forth above and in an amount to be proved at trial.

59. Upon information and belief, at all times pertinent to the allegations

contained herein, Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. had actual notice and knowledge of the negligent design and condition of the articulating aerial device,  and failed to take any action to advise foreseeable and intended users of the unreasonably dangerous and defective condition(s) or risks, failed to consider the foreseeable risks of injury, and failed to take any other appropriate action to protect users from the type of injuries suffered by Plaintiff Richard W. Blake.

60. Defendants Terex Corporation, Terex Utilities, Inc., Terex-Telect, Inc. and James A. Kiley, Co. acts or omissions were intentional, willful, wanton, grossly negligent and done in reckless disregard for the rights of the Plaintiffs. As such, Plaintiffs are entitled to recover punitive damages in an amount to be proved at trial.

**WHEREFORE** Plaintiffs pray that, after trial, that a judgment be entered in their favor against the Defendants ordering:

a.  For actual and special damages;

b.  For punitive damages;

c.  that the Plaintiff be awarded reasonable attorney's fees and costs;

d.  that the Defendants pay the Plaintiffs interest on any pre-judgment and post-judgment interest as allowed by law; and

e.  such further relief as this Honorable Court deems just and proper and/or which Plaintiffs may be justly entitled.

## Count Two
## Negligent Design

## Against Hubbell Power Systems, Inc. and A. B. Chance, Inc.

61.  Plaintiffs Richard W. Blake and Shelleigh L. Blake incorporates and repeats the allegations set forth in the prior paragraphs as though fully set forth herein.

62. At all times relevant hereto, Defendants, Hubbell Power Systems and A.B. Chance Company were and are engaged in the business of designing, manufacturing, exporting, importing, marketing, distributing and/or selling stinger and porcelain cutouts for electrical transmission lines.

63. At all times relevant hereto, Defendants, Hubbell Power Systems and A.B. Chance Company owed a duty to use reasonable care in designing stinger and porcelain cutouts for electrical transmission lines that were reasonably safe for their intended purpose.

64. At all times relevant hereto, Defendants, Hubbell Power Systems and A.B. Chance Company owed a duty to use reasonable care in designing stinger and porcelain cutouts for electrical transmission lines and should have anticipated the environment that the stinger and cutouts would be used.

65. The Defendants, Hubbell Power Systems and A.B. Chance Company owed a duty to use reasonable care in designing against the reasonable unforeseeable risks attending stinger and cutouts for electrical transmission lines.

66. The Defendants, Hubbell Power Systems and A.B. Chance Company breached their duty by negligently designing and then manufacturing, exporting,

importing, marketing, distributing and/or selling stinger and porcelain cutouts

to NSTAR Electric Company by ignoring the danger imposed by the design, by

disregarding the likelihood that danger would occur as a result of the design,

and by not using an already available safer designed cutout.

67. As a direct and proximate result of the acts of omission or commission as set

forth above, the Plaintiffs have suffered injuries and damages as set forth above

and in an amount to be proved at trial.

68. Upon information and belief, at all times pertinent to the allegations contained

herein, Defendants, Hubbell Power Systems and A.B. Chance Company had

actual notice and knowledge of the negligent design and condition of the

stinger and porcelain cutouts, and failed to take any action to advise

foreseeable and intended users of the unreasonably dangerous and defective

condition(s) or risks, failed to consider the foreseeable risks of injury, and failed

to take any other appropriate action to protect users from the type of injuries

suffered by Plaintiff Richard W. Blake.

69. Defendants, Hubbell Power Systems and A.B. Chance Company acts or

omissions were intentional, willful, wanton, grossly negligent and done in

reckless disregard for the rights of the Plaintiffs. As such, Plaintiffs are entitled

to recover punitive damages in an amount to be proved at trial.

**WHEREFORE** Plaintiffs pray that, after trial, that a judgment be entered

in their favor against the Defendants ordering:

a. For actual and special damages;

b. For punitive damages;

c.  that the Plaintiff be awarded reasonable attorney's fees and costs;

d.  that the Defendants pay the Plaintiffs interest on any pre-judgment

and post-judgment interest as allowed by law; and

e.  such further relief as this Honorable Court deems just and proper

and/or which Plaintiffs may be justly entitled.

## Count Three
## Negligence

## Against NSTAR Electric Company

70. Plaintiffs Richard W. Blake and Shelleigh L. Blake incorporates and repeats

the allegations set forth in the prior paragraphs as though fully set forth

herein.

71. At all times relevant hereto, Defendant NSTAR Electric Company were and are

engaged in the marketing, distribution, purchasing of equipment used in the

transmission of electricity throughout Massachusetts.

72. At all times relevant hereto, Defendant NSTAR Electric Company owed a duty

to use reasonable care in hiring and supervising contractors and their

employees to ensure that they were properly trained and equipped to be

engaged in the inherently dangerous work activity involving electrical

transmission wires.

73. At all times relevant hereto, Defendant NSTAR Electric Company owed a duty

to use reasonable care in purchasing electrical components to be used in the

inherently dangerous work activity involving electrical transmission wires.

74. At all times relevant hereto, Defendant NSTAR Electric Company owed a duty

to use reasonable care to provide a safe work site environment  while the Plaintiff Richard W. Blake was performing in an inherently dangerous work activity and should have anticipated the environment that he would be asked to work in.

75. At all times relevant hereto, Defendant NSTAR Electric Company owed a duty to use reasonable care in purchasing Hubbell Power Systems and A.B. Chance Company stinger and porcelain cutouts and should have anticipated the environment that they would be used in.

76. The Defendant NSTAR Electric Company owed a duty to use reasonable care in ensuring a safe work site against the reasonable unforeseeable risks attending stinger and cutout replacement work for electrical transmission lines.

77. The Defendant NSTAR Electric Company breached that duty by negligently failing to provide supervision at the work site of an inherently dangerous work activity, by negligently failing to ensure that a safety police detail was hired by its contractor which would have increased safety at the site and not required the worked to be performed from the shoulder of the road and by negligently failing to authorize the reclosure of the transmission line while the Plaintiff engaged in the inherently dangerous work of stinger and cutout replacement on electrical transmission wires.

78. As a direct and proximate result of the acts of omission or commission as set forth above, the Plaintiffs have suffered injuries and damages as set forth above and in an amount to be proved at trial.

79. Upon information and belief, at all times pertinent to the allegations contained herein, Defendant NSTAR Electric Company had actual notice and knowledge of the negligent design and condition of the Hubbell Power Systems and A.B. Chance Company stinger and porcelain cutouts, and failed to take any action to advise foreseeable and intended users of the unreasonably dangerous and defective condition(s) or risks, failed to consider the foreseeable risks of injury, and failed to take any other appropriate action to protect users from the type of injuries suffered by Plaintiff Richard W. Blake.

80. Upon information and belief, at all times pertinent to the allegations contained herein, Defendant NSTAR Electric Company had actual notice and knowledge of the negligence of hiring and supervising contractors and their employees to ensure that they were properly trained and equipped to be engaged in the inherently dangerous work activity involving electrical transmission wires.

81. As a direct and proximate result of the acts of omission or commission as set forth above, the Plaintiffs have suffered injuries and damages as set forth above and in an amount to be proved at trial.

82. Upon information and belief, at all times pertinent to the allegations contained herein, Defendant NSTAR Electric Company had actual notice and knowledge of the negligent design and condition of Hubbell Power Systems and A.B. Chance Company stinger and porcelain cutouts, and failed to take any action to advise foreseeable and intended users of the unreasonably dangerous and defective condition(s) or risks, failed to consider the foreseeable risks of injury, and failed to take any other appropriate action to protect users from the type of

injuries suffered by Plaintiff Richard W. Blake.

83. Upon information and belief, at all times pertinent to the allegations contained

herein, Defendant NSTAR Electric Company had actual notice and knowledge

of negligence involved in the hiring and supervising contractors and their

employees to ensure that they were properly trained and equipped to be

engaged in the inherently dangerous work activity involving electrical

transmission wires and failed to take any action to advise foreseeable and

intended users of the unreasonably dangerous and defective condition(s) or

risks, failed to consider the foreseeable risks of injury, and failed to take any

other appropriate action to protect users from the type of injuries suffered by

Plaintiff Richard W. Blake.

84. Defendant NSTAR Electric Company acts or omissions were intentional,

willful, wanton, grossly negligent and done in reckless disregard for the rights

of the Plaintiffs. As such, Plaintiffs are entitled to recover punitive damages in

an amount to be proved at trial.

    **WHEREFORE** Plaintiffs pray that, after trial, that a judgment be entered

in their favor against the Defendant ordering:

    a.  For actual and special damages;

    b.  For punitive damages;

    c.  that the Plaintiff be awarded reasonable attorney's fees and costs;

    d.  that the Defendant pay the Plaintiffs interest on any pre-judgment

        and post-judgment interest as allowed by law; and

e.  such further relief as this Honorable Court deems just and proper

and/or which Plaintiffs may be justly entitled.

## Count Four
## Loss of Spousal Society and Consortium

## Against all Defendants

85. Plaintiff Shelleigh L. Blake incorporates and repeats the allegations set forth in

the prior paragraphs as though fully set forth herein.

86. At all times relevant hereto, Plaintiff Shelleigh L. Blake was the lawful wife of

Plaintiff Richard W. Blake.

87. By reason of the aforesaid, and as a direct and proximate result of their

negligence and negligent product design, and of her husband's use of the

products in an inherently dangerous work activity, Shelleigh L. Blake, was

deprived of the support, society, care, consortium, companionship, and

services of her husband.

88. Plaintiff Shelleigh L. Blake was required to perform many tasks and functions

formerly performed by and/or shared with her spouse, and she has been

otherwise damaged.

## Count Five
## Punitive Damages

**WHEREFORE,** Plaintiffs demands judgment against Defendants on Counts

One, Two, Three and Four for actual damages in an amount to be determined

at the trial of this cause and judgment against Defendants on same Counts for

punitive damages in an amount to be determined at the trial of this cause plus interest and costs.

## **Demand for Relief**

**WHEREFORE,** Plaintiffs Richard W. Blake and Shelleigh L. Blake prays that this Honorable Court award them compensatory damages against Defendants NSTAR Electric Corporation, James A. Kiley Corporation, Hubbell Power Systems Inc., A. B. Chance Inc., Terex Corporation, Terex Utilities, Inc. and Terex-Telelect, Inc., plus interest, costs and attorney fees. The Plaintiffs further prays for such relief as this Honorable Court deems just and proper and/or which Plaintiffs may be justly entitled.


**PLAINTIFFS REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE.**


Respectfully Submitted,


_____/S/_____
Richard W. Blake
_____/S/_____
Shelleigh L. Blake

By and through their attorney,

_____/S/_____
Attorney Richard W. Kendall

Law Offices of Richard W. Kendall, L.L.C.
348 Park Street, Suite 203
North Reading, Massachusetts 01864
(978) 664-4200
Massachusetts Bar # 671902