UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLEIGH L. BLAKE<br>RICHARD W. BLAKE,<br>    Plaintiffs,<br><br>v.<br><br>NSTAR ELECTRIC CORPORATION,<br>JAMES A. KILEY CORPORATION,<br>HUBBELL POWER SYSTEMS, INC.,<br>A.B. CHANCE, INC.,<br>TEREX CORPORATION<br>TEREX UTILITIES, INC.,<br>TEREX-TELELECT, INC.<br>    Defendants.<br><br>v.<br><br>JCR CONSTRUCTION, INC.<br>    Third Party Defendant | DOCKET NO. 09-CV-10955-DPW |

## THIRD PARTY DEFENDANT JCR CONSTRUCTION, INC.'S OPPOSITION TO DEFENDANT TEREX-TELELECT, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES

The plaintiff, and JCR Construction, Inc. ("JCR") employee, Richard Blake ("Plaintiff") alleges in his Complaint that on June 6, 2006, he was performing electrical line work on Route 9 in Natick, Massachusetts when he was burned by an "arc flash" that jumped to an exposed piece of metal in the aerial bucket. The Plaintiff brought suit against James A. Kiley Corporation; Hubbell Power Systems ("Hubbell"); A.B. Chance, Inc.; Terex-Telelect, Inc. ("Terex"); and NSTAR Electrical Corporation ("NSTAR").[1]

---

[1] Of course, the Plaintiff and Defendants are precluded from bringing suit against JCR under the exclusivity provisions of the Massachusetts worker's compensation statute.

NSTAR contracted with JCR to repair, maintain, and replace electrical power transmission equipment. NSTAR filed its third party complaint against JCR seeking defense and indemnity pursuant to this contract. There are and can be no other claims by any other party against JCR. The only claim against JCR is NSTAR's third party claim for contractual defense and indemnity. NSTAR and JCR have reached an agreement and NSTAR has this day filed its Motion to Dismiss its third party complaint against JCR. Simply stated, JCR will cease to exist as a party to this action.

As a practical matter, the only issue raised by Terex' motion to compel is whether JCR must respond to interrogatories before it is dismissed from the action. JCR respectfully submits that Terex is not entitled to any interrogatory answers because it does not have and cannot have any claim against JCR and because it does not need to obtain discoverable information from JCR by way of interrogatories. Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides that, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." JCR submits that the discovery sought by way of Terex' motion to compel falls within the scope of these provisions.

Terex has and can obtain documents relative to this matter from JCR. Indeed, JCR has advised that it will provide formal Rule 34 document responses, together with any non-privileged documents in its possession, custody or control responsive to the requests for production (and a

privilege log relative to any documents withheld on grounds of privilege). Indeed, JCR has already produced a substantial number of documents and will be filing its formal Rule 34 response shortly   Moreover, Terex can obtain the same information sought in its interrogatories by way of depositions of JCR and its employees, and, indeed, such depositions have been noticed and will be taken after JCR's dismissal from the case.   However, Terex has insisted that JCR also answer its interrogatories, notwithstanding that it can obtain the same information by way of depositions and/or through JCR's documents production.   Moreover, Terex has taken this position notwithstanding that JCR's answers to any interrogatories will not be admissible at trial as JCR will not be a party and any interrogatory answers are hearsay.

Indeed, Terex has advised that it will oppose JCR's dismissal from this action, notwithstanding that it has and can have no claim against JCR, unless and until JCR answers each and every one of its interrogatories.   JCR's concern is two-fold.  First, it will need to incur substantial expense in responding to the interrogatories, notwithstanding that it has resolved its issues with the only party that has or can have a claim against it.  Several of the interrogatories are contention interrogatories, while others demand a detailed explanation for why JCR allegedly did or did not do certain acts.   Second, even if JCR were to go to the substantial expense of responding to these interrogatories, JCR is concerned that Terex would thereafter continue to oppose its dismissal from the action by insisting upon still more detailed interrogatory responses, even though JCR does not belong in the case and its interrogatory responses would not be admissible at trial in any event.

JCR should not be forced to incur the expense and extremely burdensome effort of remaining in this case and answering these interrogatories, particularly when JCR and its

3

employees will be deposed after JCR's dismissal, and JCR has and will be producing all relevant documents in its possession, custody or control.

Finally, Hubbell acknowledged the fact that JCR will cease to be a party as evidenced by their Keeper of Records Notice of Deposition to JCR dated August 17, 2010. Hubbell would not have served this Notice if it did not accept the fact that JCR would cease to be involved in this case and that the Keeper of Records deposition would be the proper method to obtain discovery from JCR.

JCR has already provided to all parties any requested documents – including those requested in Terex's discovery requests and Hubbell's Keeper of Records Notice of Deposition – that are in counsel's possession. JCR's dismissal from this action will have neither a deleterious nor prejudicial effect on any party's ability to (a) obtain additional JCR documents from JCR and (b) depose any JCR employees they wish. In fact, Terex previously subpoenaed two JCR employees rather than serving a Notice of Deposition on counsel. By doing so, Terex also appreciated the fact that JCR would be dismissed from this action.

In sum, the only reason JCR was ever brought into this action was because of a contract dispute between JCR and NSTAR, which dispute has now been resolved.   There are no other claims – current or future – that have been or can be brought against JCR. That said, JCR is willing to provide Rule 34 document responses and provide answers to any non-contention interrogatories and JCR and its employees will be deposed. JCR should not be "held hostage" in this action by a party who has no claims against it and should not be forced to "pay a ransom" by way of responding to burdensome interrogatories before it obtains the dismissal it has negotiated with the third-party plaintiff.

**Conclusion:**

For the foregoing reasons, Third Party Defendant JCR Construction, Inc. respectfully requests that this Honorable Court deny Defendant Terex-Telelect, Inc.'s Motion to Compel Discovery Responses.

**JCR CONSTRUCTION, INC.**
By its attorneys,


/s/ Kenneth H. Naide
Michael D. Chefitz, Esq. (BBO#544437)
mchefitz@bonnerkiernan.com
Kenneth H. Naide, Esq. (BBO#643213)
knaide@bonnerkiernan.com
BONNER KIERNAN TREBACH
& CROCIATA, LLP
200 Portland Street
Suite 400
(800) 840-5087
Fax (617) 426-0380

**CERTIFICATE OF SERVICE**

I, Kenneth H. Naide, hereby certify that a true copy of this Answer has been electronically filed and thereby served upon all counsel of record on September 13, 2010.


/s/ Kenneth H. Naide
Kenneth H. Naide

5